UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                       :

ROHAN CAMPBELL,
                                       :

                          Petitioner,  :

                                       :          11-CV-4438 (JPO)

            -v-                   :

                                       :      OPINION AND ORDER

WILLIAM LEE,                     :       ADOPTING REPORT

                     Respondent.  :          AND

                                       :    RECOMMENDATION
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

Rohan Campbell petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254.  Campbell was convicted in December of 2006 in New York Supreme Court, Bronx
County, of two counts of first degree criminal sexual act.  He challenges that conviction and his
sentence to two consecutive terms of twelve and a half years imprisonment.  Judge Castel, to
whom this case was originally assigned, referred it to Magistrate Judge Andrew J. Peck, who
issued a thorough and well-reasoned Report and Recommendation that the petition be denied in
its entirety.  Campbell provided detailed objections to many of the legal conclusions in the
report.  For the reasons that follow, the report is adopted in its entirety.

I.       **Discussion**

Campbell objects to Judge Peck's recommendation with respect to his claims that (1) his
consecutive sentences violated the Double Jeopardy clause and the Due Process Clause; (2) the
indictment in his case was constitutionally defective; and (3) his trial counsel was ineffective in
violation of his constitutional right to counsel.

        A.       **Legal Standard**

When reviewing a report and recommendation by a magistrate judge, a district court
"may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made, and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). However, where objections are "merely perfunctory responses" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," clear error review applies. *Id.* (internal quotation mark omitted). Where, as here, the objecting party is proceeding pro se, the Court construes the objections liberally. *Pearson-Fraser v. Bell Atlantic*, No. 01-CV-2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

Campbell does not object to Judge Peck's elaboration of the legal standard by which his claims are governed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, *et. seq.*, except insofar as he objects to the fact that the government is held to a less stringent standard in federal court than it is in state court. This, Campbell argues, is an unconstitutional failure on the state's part to adhere to the requirements of the Bill of Rights, which have been incorporated against the state through the Fourteenth Amendment. Campbell correctly notes that AEDPA does not give this Court the power to overturn state convictions even where this Court would find a constitutional violation were its review *de novo*. But state courts are competent to adjudicate federal constitutional claims and this Court is empowered to review the judgments of state criminal courts only in the limited circumstances provided for in AEDPA. The Supreme Court has made clear that this is constitutional. *See, e.g.*, *Felker v. Turpin*, 518 U.S. 651, 663 (1996). The Court, therefore, adopts Judge Peck's explication of the legal standard governing Campbell's claims.

Because Campbell has objected to Judge Peck's remaining recommendations, the Court reviews his claims *de novo*.

**B.     Consecutive Sentences**

Campbell challenges the imposition of consecutive sentences in his case on the grounds that they violate the Double Jeopardy Clause and the Due Process Clause of the Constitution. Campbell argues that the state violated the Double Jeopardy Clause because it imposed consecutive sentences for crimes that arose out of one alleged act.  He argues that his sentence violates the Due Process Clause because the trial judge's discretion to determine whether or not he committed two criminal sexual acts was too broad.

The Double Jeopardy Clause of the Fifth Amendment ensures that no person shall "be twice put in jeopardy of life or limb . . . for the same offence."  U.S. CONST. amend V.  Where a defendant is tried only once, though, the clause's application is minimal.  "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).  Campbell, then, can prevail only if he can show that the Court imposed greater punishment than the legislature intended.  He cannot make this showing.  New York law allows consecutive punishments where a defendant's conviction arises out of two or more separate and distinct sexual acts.  *People v. Ramirez*, 843 N.Y.S.2d 280, 283 (1st Dep't 2007).  The evidence at Campbell's trial was plainly sufficient to sustain the conclusion that he committed two separate criminal sexual acts.  The victim testified that Campbell forced her to perform oral sex at one location and then drove to another location and forced her to perform oral sex again.

To the extent that Campbell raises a freestanding due process claim, his claim fails because the judge in his case did not exercise an impermissible degree of discretion in determining whether to impose consecutive or concurrent sentences.  The jury found Campbell guilty of two separate criminal sexual acts.  And judges may, consistent with the Due Process

3

clause, exercise "broad discretion to decide the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).  The mere fact that the trial judge had discretion to impose a concurrent or consecutive sentence is insufficient to render that decision unconstitutional.

>        C.        **Defective Indictment**

Campbell next alleges that his conviction is invalid because his indictment was defective. The indictment, he alleges, was defective because (1) it failed to specify whether he was being charged with using force or the threat of force; or (2) the state constructively amended the indictment (and unconstitutionally varied from it) by convicting him through the use of evidence of threats.

Campbell's claim that his conviction was unconstitutional because the grand jury did not specify a theory of forcible compulsion must fail because his conviction by a petit jury renders any error in the grand jury harmless *per se*.  *See, e.g., United States v. Mechanik*, 475 U.S. 66, 70 (1986).  To the extent that Campbell's claim is based on the fact that he was not—and could not have been—validly indicted for the crime of which he was convicted, that claim must fail.

Campbell's claim that his conviction unconstitutionally varied from the contents of the indictment can succeed only if the indictment was so defective as to fail to give him proper notice of the charges against him.  This is so because, although a constructive amendment of the indictment is a *per se* violation of the Grand Jury Clause of the Constitution, that provision is not applicable to the states.  *See Hurtado v. California*, 110 U.S. 516, 538 (1884).  In support of his argument that the conviction unconstitutionally varied from the indictment, Campbell points to New York case law establishing that where an indictment specifically alleges that a defendant used threats to commit a criminal sexual act, the state cannot convict him of using actual force. *People v. Grega*, 517 N.Y.S.2d 105, 106 (3rd Dep't 1987), *aff'd as modified and remanded*, 72

4

N.Y.2d 489 (1988).  But Campbell's indictment charged him with using either force or threats; it was not limited to one theory only.  The indictment provided him with ample notice of the charges.  Indeed, federal courts have rejected Campbell's argument that an indictment for criminal sexual acts based on either force *or* threat of force is unconstitutionally vague.  *E.g.*, *Stapleton v. Greiner*, No. 98-CV-1971, 2000 WL 1207259 at *11-12 (E.D.N.Y. July 10, 2000).

Finally, Campbell asserts—in his objection to Judge Peck's Report and Recommendation—that his claims about the defective indictment serve as evidence of a defective prosecution throughout.  He alleges that as a result of the defective indictment, the jury was improperly charged on the issue of force and that there was no evidence of force.  Campbell's first claim is without merit because Campbell has not pointed to any specific deficiency apart from those addressed in this Opinion.  His second and third claims are without merit because the indictment was not, as discussed above, defective.

### D.      Ineffective Assistance of Counsel

Campbell alleges that his trial counsel was ineffective for (1) failing to object to the constructive amendment of the indictment, (2) failing to investigate whether his statements to the police were coerced, (3) failing to request a missing witness charge, and (4) failing to cross-examine R.T. and Detective Ortiz on certain issues.

### 1.      Failure to Object to Constructive Amendment

Campbell alleges that his counsel was constitutionally ineffective for failing to object to the constructive amendment of the indictment.  This argument must fail because Campbell's defective indictment claims lack merit under both federal and state law and, therefore, Campbell's attorney was not deficient for failing to raise them.  *See, e.g.*, *Nosov v. United States*, 526 F. App'x 127, 129 (2d Cir. 2013) (summary order).

### 2.   Failure to Investigate Coercion

Campbell next alleges that his trial counsel was ineffective for failing to investigate whether his statements to the police and his consent to give a DNA sample were unconstitutionally coerced.

In his state post-conviction proceedings, Campbell alleged that his attorney was ineffective for failing to investigate whether his statements were coerced.  The state court dismissed the claim because it did not credit his account of his interrogation.  That court found that "this claim is supported solely by the defendant and that there is no reasonable possibility that it is true."  (Dkt. No. 33, Chamoy Declaration, Ex. 26, at 4-5.)  The state court's credibility assessment on a factual question such as this one is entitled to deference in this Court under AEDPA.  28 U.S.C. § 2254(d)(2).  Campbell has not offered any reason to dislodge that finding.  As such, his claim must be dismissed.  Alternatively, Campbell has not shown prejudice from his attorney's alleged failure to investigate this issue because Campbell did not confess to the police.  Rather, he described the alleged sexual acts as consensual.  The remote possibility that things would have gone better for Campbell had his attorney investigated his statements is insufficient to survive the doubly deferential standard for ineffective assistance of counsel claims in habeas corpus cases.  *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

Campbell's argument that his trial counsel was ineffective for failing to investigate his consent to give a DNA sample must be dismissed for the simple reason that the DNA evidence—which did not implicate him—was not used against him.  He was not, therefore, prejudiced by any alleged ineffective assistance of counsel.

### 3.   Failure to Request a Missing Witness Charge

Campbell argues that his attorney was ineffective for failing to request a missing witness charge for the video technician who taped his police interrogation.  This claim must fail because

6

the video technician's testimony would have been cumulative of much other testimony at the trial and, therefore, under New York law, Campbell was unambiguously not entitled to a missing witness charge.  *People v. Gonzalez*, 68 N.Y.2d 424, 428 (1986).

### 4.      Failure to Move to Suppress DNA Evidence

The DNA evidence in Campbell's case was not introduced against him at trial.  As such, a suppression motion would not have changed the state of the case and, therefore, Campbell's attorney was not ineffective for failing to make such a motion.

### 5.      Failure to Cross-Examine R.T. and Detective Ortiz

Finally, Campbell argues that his attorney was ineffective for failing to cross-examine R.T., the victim, and Detective Ortiz, who testified that he saw R.T. performing oral sex on Campbell, about their ability to see one another during the encounter.  This claim fails because counsel's decision not to cross-examine on this point falls well within the permissible range of non-ineffective strategic decisions.  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).

## III.      Conclusion

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Peck is hereby adopted in full.  Campbell's petition for habeas corpus is DENIED.

Because the Court concludes that Campbell has not made "a substantial showing of the denial of a constitutional right," the Court does not issue a certificate of appealability.  28 U.S.C.A. § 2253(c)(2).

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: November 14, 2014
       New York, New York

*Copy mailed to pro se party by chambers.*

_____
J. PAUL OETKEN
United States District Judge